Peggy Ann JENKINS *v.* Leslie Leverne JENKINS

74-105                                    514 S.W. 2d 701

Opinion delivered October 21, 1974

*Monroe L. Bethea,* for appellant.

No brief for appellee.

JOHN A. FOGLEMAN, Justice. On this appeal, appellants seeks to sustain service of process on the appellee-defendant (under the "longarm" provisions of the Uniform Interstate and International Procedure Act [Ark. Stat. Ann. § 27-2501 — 2507 (Supp. 1973)]) in her divorce action. The chancery court denied appellant a divorce, holding that, even though appellee had actually received the notice given, service on him had not been completed. We agree.

Service was attempted by the issuance by the clerk of a writ labelled "summons" but in the form of a warning order. By affidavit filed in the case the clerk deposed that she had served this process, to which a copy of the complaint was attached, on appellee by certified mail and had received a return receipt therefor. This receipt was attached to the affidavit. It showed that a letter from the clerk for delivery to the addressee only had been directed to Leslie Leverne Jenkins, c/o Clyde Jenkins, Route 1, Louisville, Illinois. The receipt was signed "Leslie Jenkins."

Appellant places her sole reliance upon § 27-2502 B and 27-2502 C 1(a) which reads:

B. Personal jurisdiction based upon enduring relationship. A court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, this State as to any cause of action.

C. Personal jurisdiction based upon conduct.
1. A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a (cause of action) (claim for relief) arising from the person's
(a) transacting any business in this state;

We readily reject the idea that appellee, either by marriage to appellant or by living with her in Arkansas, was in any sense of the word transacting any *business* in the state on which personal jurisdiction over appellee could have been exercised by the chancery court. Furthermore, the provisions of §27-2502 B are not applicable, because there is no showing whatever that appellee is, or for that matter ever was, domiciled in the State of Arkansas.

The order of the chancery court is affirmed.